**[Cite as *Renfro v. Grace Property Serv., Pines Condo Assn.*, 2024-Ohio-3001.]**

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| LAURA RENFRO | Case No. 2024-00559PQ |
| Requester | Judge David E. Cain |
| v. | <u>JUDGMENT ENTRY</u> |
| GRACE PROPERTY SERVICE: PINES CONDO ASSOC | |
| Respondent | |

{¶1} In this public-records case, a Special Master has issued a Recommendation For Dismissal. The Special Master states, "The records Ms. Renfro seeks are kept by Grace, a private for-profit entity, on behalf of The Pines, another private entity. Neither are public offices because neither is a 'state agency, public institution, political subdivision' or other type of 'entity established . . . for the exercise of any function of government.' The records sought consequently are not public records, so Ms. Renfro's complaint fails to state a claim under R.C. 2743.75." (Recommendation For Dismissal, 2.) The Special Master "recommend[s] that the court dismiss the complaint pursuant to R.C. 2743. 75(D)(2)." (Recommendation For Dismissal, 3.)

{¶2} Under R.C. 2743.75(D)(2), upon the recommendation of a special master, this Court on its own motion may dismiss a public-records complaint brought under R.C. 2743.75 at any time.[1] Upon review, the Court finds the Special Master's Recommendation For Dismissal is well taken. *See State ex rel. Harm Reduction Ohio v. Oneohio Recovery Found.*, 2023-Ohio-1547, ¶ 12 ("[a]s a general proposition, private entities are not subject to the Public Records Act"); *State ex rel. Oriana House, Inc. v. Montgomery*, 2006-Ohio-4854, paragraph one of the syllabus ("[p]rivate entities are not

---

[1] According to R.C. 2743.75(D)(2), "[n]otwithstanding any provision to the contrary in [R.C. 2743.75], upon the recommendation of the special master, the court of claims on its own motion may dismiss the complaint at any time."

subject to the Public Records Act absent a showing by clear and convincing evidence that the private entity is the functional equivalent of a public office"); *see also* R.C. 149.43(A)(1) (defining the term "public record," as used in R.C. 149.43, as "mean[ing[ records kept by any public office, including, but not limited to, state, county, city, village, township, and school district units, and records pertaining to the delivery of educational services by an alternative school in this state kept by the nonprofit or for-profit entity operating the alternative school pursuant to [R.C. 3313.533]").

{¶3} Accordingly, pursuant to R.C. 2743.75(D)(2), upon the Special Master's recommendation, the Court sua sponte dismisses the Complaint in this case. Court costs are assessed to Requester. The Clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
DAVID E. CAIN
Judge

**Filed July 11, 2024**
**Sent to S.C. Reporter 8/8/24**